**Rosa RODRIGUEZ, Appellant,**

v.

**SERVICE LLOYDS INSURANCE COMPANY, Appellee.**

**No. 01–96–00734–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

July 10, 1997.

Rehearing Overruled Dec. 4, 1997.

Caldwell Fletcher, Houston, for appellant.

Todd Lonergan, Houston, for appellee.

Before HEDGES, BASS * and HUTSON–DUNN **,JJ.

## OPINION

HEDGES, Justice.

Appellant, Rosa Rodriguez, appeals the trial court's striking of her pleadings and dismissal of her cause of action against appellee, Service Lloyds Insurance Company (Lloyds). Rodriguez sought benefits from Lloyds for an injury that she sustained during the course and scope of her employment.[1] On appeal, she contends that the trial court erred in (1) striking her pleadings for her refusal to amend, (2) failing to appoint or to remand for appointment of a designated doctor, and (3) dismissing her cause without a substantial change of condition hearing. We affirm.

## FACTS

Rodriguez sustained a back injury at work and filed a claim with the Texas Workers' Compensation Commission (TWCC) for compensation. On October 28, 1993, a chiropractor examined her, assessed an impairment rating (IR) of four percent, and determined that Rodriguez had reached maximum medical improvement (MMI) on that day. On January 31, 1994, Rodriguez filed a request to obtain a second medical opinion. She then visited another chiropractor and two medical doctors over approximately an eight-month period. These latter three practitioners disagreed with each other as to whether her injury was more severe than the four percent IR assigned by the first chiropractor. Based on those opinions, Rodriguez sought to increase her IR to receive greater benefits.

At a contested case hearing, during which the conflicting opinion testimony was presented, the hearing officer determined that (1) the four percent IR and date of MMI had become final 90 days after their assessment because Rodriguez failed to timely contest their finality; (2) there was no compelling medical evidence to show that the chiropractor misdiagnosed Rodriguez or significantly erred that would overcome their finality notwithstanding Rodriguez's failure to contest their validity within the stated time; and (3) there was insufficient evidence to establish that the original IR and MMI assessment were incorrect due to a significant error or misdiagnosis.

Rodriguez appealed the determination of the date of MMI and the finality of the IR, claiming that (1) the finality provisions were inapplicable to her because the certification of the date of MMI and IR were written in English and she did not understand English; (2) the hearing officer should have used a preponderance of the evidence evidentiary standard instead of a compelling medical evidence standard in determining the issue of finality; and (3) the hearing officer's decision was not supported by sufficient evidence. A TWCC appeals panel affirmed the hearing officer's determination.

Rodriguez then timely appealed to the district court ("trial court"), originally alleging that the IR and date of MMI were invalid because she had experienced a substantial change of condition after their assessment.

* The Honorable Sam Bass, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

** The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. Lloyds is the employer's insurance carrier.

She based this argument upon testimony by one of the four physicians who testified at the contested case hearing. Lloyds specially excepted to Rodriguez's petition on the grounds that a determination of whether she experienced a substantial change of condition was improperly before the trial court because that issue had not been determined by either the hearing officer or the appeals panel below. Lloyds also specially excepted on the basis that Rodriguez had asserted the wrong standard of review, contending that she should have asserted review under the substantial evidence rule instead of asserting trial de novo. Lloyds further pointed out that Rodriguez had not presented an adequate record for the trial court to review under the substantial evidence rule.

The trial court sustained the special exceptions and ordered Rodriguez to replead her cause of action solely under the substantial evidence standard of review and to eliminate any request that the IR be changed as a result of a substantial change of condition. Rodriguez amended her petition by adding the substantial evidence standard of review as an alternative standard but did not withdraw her substantial change of condition contention. Lloyds then filed a motion to strike Rodriguez's pleadings and dismiss her cause of action. The trial court granted Lloyds's motion, striking Rodriguez's pleadings and dismissing her cause of action for not repleading according to its order and for not bringing forth an adequate record from the TWCC proceedings for it to review.

## STRICKEN PLEADINGS AND DISMISSAL

In point of error one, Rodriguez contends that the trial court erred in striking her pleadings after her refusal to amend. In point of error three, Rodriguez contends that the trial court erred in dismissing her case without a substantial change of condition hearing. Rodriguez asserts that her allegation of a substantial change of condition was a viable cause of action. She contends that she was entitled to a full evidentiary hearing

and findings of fact on the issue of substantial change of condition.

At the outset, we note that Rodriguez has not provided this Court with any pleadings or testimony from the underlying administrative proceedings. The only evidence in the record regarding testimony given at the contested case hearing is the evidentiary summary in the TWCC appeals panel opinion and excerpts from deposition testimony of the chiropractor who assessed the IR and date of MMI. Rodriguez incorporated the opinion into her petition and attached the deposition excerpts to her response to Lloyds's motion to strike her pleadings and dismiss her cause of action. Similarly, the only indication of issues that appellant raised at the contested case hearing is found in the appeals panel opinion.

In its opinion, the appeals panel summarized the testimony given at the contested case hearing, reiterated the contested case hearing officer's decision, stated the issues that Rodriguez brought before the panel, and announced its decision. According to the appeals panel, the only issues that Rodriguez challenged regarding the hearing officer's decision were the finality of the date of MMI and the finality of the IR. The opinion stated that she based her challenges on (1) her lack of knowledge regarding the procedural requirements to contest the IR, (2) the hearing officer's use of the wrong standard of review in reviewing evidence to determine whether she was excused from the 90–day rule,[2] and (3) the hearing officer's erroneous decision based on insufficient evidence. Without further support from the record, we assume that those were her only challenges.

In her first amended petition, Rodriguez contended that she had experienced a substantial change of condition that would result in a much higher IR rating, based upon evidence obtained from a physician after the original IR assessment, but before the contested case hearing. She requested that the trial court reverse the TWCC appeals panel and award her benefits appropriate to her injury. Upon Lloyds's special exceptions,

---

**2.** The first impairment rating assigned to an employee is considered final if the rating is not disputed within 90 days after the rating is assigned. 28 Tex. Admin. Code § 130.5(e) (West 1997).

the trial court ordered Rodriguez to replead. The trial court ordered her to eliminate any request that the IR rating be changed as a result of a substantial change of condition. It also ordered her to replead for relief solely under TEX. GOV'T CODE ANN. § 2001.001 (Vernon 1997), which, according to the trial court, limits review of a TWCC appeals panel decision to a review under the substantial evidence rule. Rodriguez filed a second amended petition that included a plea for relief under the substantial evidence rule, but she did not eliminate her claim of substantial change of condition. Upon Lloyds's motion, the trial court struck Rodriguez's pleadings and dismissed her cause of action. We must determine whether Rodriguez had a viable claim of substantial change of condition such that the trial court erroneously struck her pleadings. To make that determination, we must first decide which statutes are applicable.

### Applicable Statutes

Rodriguez relies on TEX. LAB.CODE ANN. §§ 410.301–.308 (Vernon 1996) as authorization for asserting a substantial change of condition cause of action. Section 410.301 states that judicial review of issues regarding (1) compensability, (2) eligibility for, or (3) the amount of income or death benefits in workers' compensation claims shall be conducted as provided by this subchapter. Section 410.307 permits evidence of substantial change of condition to be heard de novo by the finder of fact in the trial court.

Lloyds contends that those provisions are inapplicable. Instead, it relies on TEX. LAB. CODE ANN. § 410.255 (Vernon 1996) and TEX. GOV'T CODE ANN. §§ 2001.171–.178 (Vernon 1997), which provide the standard of judicial review for issues other than those issues identified in TEX. LAB.CODE ANN. § 410.301 (Vernon 1996). Evidence which justifies another hearing based on substantial change of condition is not contemplated under section 410.255 of the Labor Code and sections 2001.171–.178 of the Government Code.

■ At the TWCC, Rodriguez challenged the finality of the IR rating on three bases: (1) her lack of knowledge regarding the 90–

day period to challenge the initial IR rating, (2) the hearing officer's use of the wrong standard of review in reviewing evidence to determine whether she was excused from the 90–day rule, and (3) the hearing officer's erroneous decision based on insufficient evidence. These claims do not concern compensability, her eligibility for benefits, or the amount of income or death benefits. Rather, the claims to the TWCC concerned the finality of the IR based on her failure to challenge it within 90 days, and whether she was excused from that failure. Accordingly, we hold that sections 410.301–.308 are not applicable to this case. Therefore, the trial court did not err in striking Rodriguez's pleadings regarding substantial change of condition.

### Substantial Evidence Rule

Rodriguez pleaded for relief in the alternative in her second amended petition under the substantial evidence rule. Therefore, we must determine whether the trial court erred in striking that portion of her pleadings.

■ Section 410.255 provides for judicial review of all issues not covered in section 410.301(a) under the substantial evidence rule which is governed by sections 2001.171–.178 of the Government Code. TEX. LAB.CODE ANN. § 410.255 (Vernon 1996). Section 2001.175 of the Government Code provides the procedure for review under the substantial evidence rule. TEX. GOV'T CODE ANN. § 2001.175 (Vernon 1997). The party seeking judicial review shall offer, and the reviewing court shall admit, the state agency record into evidence as an exhibit. TEX. GOV'T CODE ANN. § 2001.175(d) (Vernon 1997). An appellant may file the administrative record in an appeal governed by the Administrative Procedure Act [3] in the appellate court as part of a statement of facts or transcript so long as a court reporter's certificate or other evidence demonstrates that the trial court admitted the record. *Fetchin v. Meno*, 916 S.W.2d 961, 962 (Tex.1996).

■ In this case, there is no record of the proceedings at the TWCC. Indeed, the trial court struck Rodriguez's pleadings under the substantial evidence rule for lack of a record.

---

3. TEX. GOV'T CODE ANN. §§ 2001.001—2001.902

(Vernon 1997).

Further, there is no evidence in the record that Rodriguez ever offered the administrative record on appeal to the trial court. The trial court did not err, therefore, in striking Rodriguez's pleadings under the substantial evidence rule for failure to file a record.

We overrule points of error one and three.

## APPOINTMENT OF A DOCTOR

In point of error two, Rodriguez contends that the trial court erred in failing to appoint a designated doctor, or in failing to remand in order to appoint a designated doctor. She asserts that because she was entitled to a substantial change of condition hearing, she was entitled to have a doctor designated to resolve any dispute concerning her substantial change of condition under TEX. LAB.CODE ANN. § 410.307(b) (Vernon 1996). Because we hold that Rodriguez is not entitled to a substantial change of condition hearing, a designated doctor is not necessary.

We overrule point of error two.

We affirm the judgment of the trial court.